Johnson, J.
The first question in this case is upon the effect of the comptroller’s deed, dated December 17, 1850, and delivered in July, 1851, as evidence of his authority to make sale of the lands embraced in the deed. Chapter 183 of the Laws of 1850, passed April 6, (section 2) enacts “that every conveyance of land sold for taxes theretofore or thereafter, executed by the comptroller, shall be presumptive evidence that the comptroller had authority to sell and convey the land described in it for arrears of taxes charged thereon; and that all proceedings, things and notices required by law to be had, done or given prior to the execution of such conveyance' by the comptroller, have been had, done and given as required by law; but that such presumption may be rebutted by any legal evidence.” The legislature certainly have power to determine, by law, what shall in civil cases be received by the courts as presumptive evidence. The conveyance in this case was dated and exe *544 cuted after the enactment of the foregoing law, and I am unable to see on what ground any court can refuse to give to the conveyance, when put in evidence, the effect which the legislature has declared it shall possess.
The next question is whether, in case lands sold for taxes in 1848, and not redeemed within two years after the last day of the sale, were not occupied at this latter period, but were occupied at the subsequent time when the conveyance from the comptroller was actually executed, any right of redemption exists. It was held at the trial that occupation, at the time of the execution of the conveyance by the comptroller, conferred a right of redemption under the provisions of the statutes, and consequently that proof of the extinguishment of that right was necessary to make out title under the tax sale. The Revised Statutes .provided that the owner or occupant of any land sold for taxes, or any other person, might redeem the same at any time within two years after the last day of such sale; and that if no person redeemed within the two years the comptroller should, “ at the expiration thereof, execute a conveyance to the purchaser.” (1 R. S., 409-11, §§ 66, 80.) That whenever any land sold for taxes by the comptroller, and conveyed as thereinbefore provided, should at the time "of conveyance be in the actual occupancy of any person, the purchaser should serve a written notice on the person occupying the land, stating certain terms of redemption specified in the statute, and that the occupant or any other person might, at any time within six months after the service of the notice, redeem the land by compliance 'with, the terms of the notice. (1 R. S., 412 §§ 83, 85.) It is argued that, upon these provisions of the statute, “ the time of conveyance” mentioned in § S3 refers to the time when the purchaser became entitled to a conveyance from .the comptroller, and not to the time of the actual execution of the conveyance.
*545 There are many reasons for thinking that a provision for notice, to the occupant at the time when the purchaser becomes entitled to a deed, would better protect meritorious rights than one which requires notice to the occupant only in case of occupation at the time of the execution of the deed; but those considerations cannot be entitled to much weight unless upon the language of the statute we can see that its meaning is not clear. This, however, is not the case. Section 83 speaks of land sold for taxes by the comptroller, and conveyed as thereinbefore providéd, which at the time of conveyance was actually occupied. Its command is concerning land so situated. The time of conveyance, in this connection, must mean not the time when the purchaser had a right to require a conveyance, but the time when it was really made. In all the cases this has been considered the true construction of the provision, though the point was in none of them made. The date of the comptroller’s deed, which in the absence of other evidence is taken as the time of its execution, was assumed to be the period to which occupancy must, under the statute, be referred. (Jackson v. Esty, 7 Wend., 149; Comstock v. Beardsley, 15 id., 349; Bush v. Davison, 16 id., 550.)
The legislature has likewise put the same construction upon the law in the 5th section of chap. 108 of the Laws of 1830. (Laws 1830, p. 112.) Before the passage of this act, the supreme court had decided upon an application for a mandamus against the comptroller, to compel him to receive money for the redemption of lands sold where no notice had been given by the purchaser, that after the purchaser became entitled to his deed no person had any right 'to redeem until the purchaser gave notice under the statute. The section above cited is as follows : “ The occupants of any lands heretofore sold for taxes, and which were or shall be occupied at the expiration of the two years allowed for the redemption thereof, the owner of such occupied lands, or any other person, may, at any time before the service of *546 notice by the purchaser or the person claiming under him, redeem any lands so occupied as aforesaid, provided the title of the purchaser shall not have become perfect prior to such redemption.” Before this act no one could, redeem after the two years until the purchaser gave notice; and where there was an occupation under the statute, the title could not become perfect until after notice. This act gives the right to redeem before notice, in case the lands are or were occupied at the expiration of the two years allowed for redemption, unless the title of the purchaser had before become perfect. It recognizes this proposition: That under the then existing law the right of the purchaser might become perfect, where there was an .occupation at the end of the two years, although no notice had been given. No such case as this proviso looks to could exist, if an occupation “ at the time of conveyance” means an occupation at the expiration of the two years allowed to redeem. It is therefore apparent that the legislature which passed this act understood that occupation at the time of conveyance, and occupation at the end of the two years given for redemption when the purchaser acquired the right to a deed, might describe different points of time. Under the provisions of the Revised Statutes the title of the purchaser became perfect upon the delivery of his deed from the comptroller, if at that time there was no occupation. If there was such an occupation his title could only be perfected by notice. But occupation at the expiration of the two years was a fact having no bearing upon any one’s rights, unless that was also the time of actual conveyance.
The question then is, in the next place, whether the right of redemption consequent upon occupation at the time of the execution of the deed, has been taken away by any subsequent legislation applicable to this case. Chapter 108 of the Laws of 1830, before cited, is relied upon for this purpose. Section 5 of that act affords some light upon this question also.. It imposed upon the purchaser no new duty of *547 giving notice. He was not bound to give notice unless an occupation existed at the time of conveyance. But it allowed a redemption if the lands were or should be occupied at the end of the two years, unless the purchaser’s title had become perfect before the redemption was made. This whole provision was applicable only to lands sold before that act. If such lands were not so occupied at the expiration of the two years, or if being so occupied redemption was nut made under this section, they were left subject to the operation of the provisions of the Revised Statutes. Thus, in case of lands sold before this act, not occupied at the expiration of the two years, but occupied at the time of conveyance, the rights of purchaser and original owner were left to be determined according to the rule of the Revised Statutes. This continued operation of that rule is effected, not .by direct readoption or affirmance of the rule, but by so limiting the new rule which the section introduces as to leave all cases not coming within it to the operation of .the previously existing law. It affords, therefore, a strong and conclusive indication that the legislature did not intend to repeal that law, but to make a new rule for a new class of cases, leaving the class previously provided for to be governed by the existing law. In no part of the act is any thing found which conflicts with this indication of the intention of the legislature. Its provisions may stand with those of the Revised Statutes, each governing the class of cases which falls within them. Under these circumstances it is not possible to hold, that the provisions of chap. 108 were intended as a substitute for those of the Revised Statutes. The court upon this point, therefore, committed no error upon the trial.
The judgment should be affirmed
Marvin, J.
The statute provides for the sale of lands by the comptroller for unpaid taxes; and by § 66 (1 R. S., 409), the owner or occupant of lands sold for taxes, *548 or any other person, may redeem the same at any time within two years after the last day of such sale. By, § 80, if no person shall redeem such lands within two years, the comptroller shall, at the expiration thereof, execute to the purchaser a conveyance of the real estate so sold. By § 83, whenever any land sold for taxes by the comptroller and conveyed as hereinbefore provided shall, at the time of the conveyance, be in the actual occupancy of any person, the grantee, to whom the same shall have been conveyed, shall serve a written notice on the person occupying such land, stating certain things. By § 85, the occupant may redeem. In 1830, the legislature passed an act entitled, “ in relation to the redemption of lands sold for taxes in certain cases” (Laws of 1830, 112), by which it is declared that, in all cases of lands hereafter to be sold for arrears of taxes, it shall be the duty of the purchaser, or person claiming under him, of any lands which shall be occupied at the time of the expiration of the two years given for the redemption thereof, to serve upon such occupant the notice required by § 83 of title 3 of chap. 13 of part 1st of the Revised Statutes, within one year from the expiration of the time of redemption.
In the present case the land was sold for taxes in December, 1848, and the comptroller’s deed bears date in December, 1850; but it was not actually executed until July, 1851. At the expiration of the two years from the last day of the sales of 1848, the land was unoccupied; but, as the jury have found, it was occupied at the time, July, 1851, at which the conveyance by the comptroller was actually executed. The grantee gave no notice to the occupant; and the question presented is whether the grantee had acquired a good title ; in other words, whether he had performed all the conditions required by law. The decision of this question depends upon the construction to be given to the provisions in the Revised Statutes and the act of 1830. In my opinion, by the Revised Statutes, notice was required *549 to be given to any one who was an occupant “ at the time of the conveyance; i e., when the conveyance was actually made by the comptroller ; and there is no provision in the statute requiring that notice be given to any one occupying at any other time; so that in case the land was occupied at the end of the two years from the sales, but became vacant after that, and was actually vacant when the conveyance was made, no notice was required. And I think the object of the act of 1830 was to supply what was regarded as a defect in the Revised Statutes; that is, to require the grantee to give notice to any one who occupied the land “ at the time of the expiration of the two years given for the redemption thereof.” If this construction of the Revised Statutes is correct, it is seen that in those cases where the land was occupied at the. end of the two years, the purchaser might neglect to obtain his conveyance, and, if he could find a time when the land was unoccupied, obtain his conveyance, and thus avoid all necessity for any notice. The vacancy of the land may have been merely temporary. This system may have been productive of great evil, and the legislature, I think, provided against it in the act of 1830. The latter act required notice when the land is occupied at the end of the two years. These statutes are not inconsistent with each other, and the latter act is not a substitute for the former. There are other additional provisions in the act of 1830, which I think are confirmatory of this view. By the Revised Statutes, though the comptroller is to execute a deed to the purchaser at the expiration of the two years, there is nothing in the statute requiring the purchaser to call for and take bis deed at that time; and § 83 provides for the notice to the occupant “ at the time of the conveyance.” There is no time specified when this notice shall be given, nor is any time specified for this notice by the act of 1830 ; but the act of 1830 does prescribe the time within which the notice specified in that act shall be given, viz., “ within one year from the expiration of *550 the said time of redemption;” and evidence of the service of the notice is to be furnished to the comptroller in one month. In the case, therefore, of an occupancy at the expiration of two years, the occupant can rely upon having notice in one year.; and the evidence of service of the notice must be furnished to the comptroller within one month. The Revised Statutes provide for a redemption before the expiration of the two years, and then after the notice is given; but they contain no provisions authorizing a redemption after the expiration of the two years and before the service of notice by the grantee. The act of 1830 (§4) authorizes the person who occupied at the end of the two years, to redeem at any time before the service of the notice upon him; and this provision is by § 5 extended to land sold prior to the passage of that act. These provisions were omissions in the Revised Statutes, and were, I suppose, regarded as defects. Construe these statutes' together, and it results in this: If, at the end of two years, the land was occupied, the purchaser must take his deed and serve his notice within one year; The notice is to be “the notice required by § 83 of the Revised Statutes;” and by that section it is to be a notice stating in substance the sale and conveyance, the person to whom made, and the amount of the consideration money mentioned in the conveyance, &c. Hence, he must have a conveyance before the notice can be served. If he delays, say nine months, to take his conveyance, and the same person remains the occupant, one notice to him will be sufficient. The occupant will answer the description of both statutes; but if the land was occupied by one person at the end of the two years, and by another person when the conveyance was made, each must have notice. In the present case the conveyance was taken within a year; there was no occupant upon the land at the expiration- of the two years, but there was at the time of the conveyance, and notice to him should have been given; no time, however, is specified within which *551 it should be given, as the Revised Statutes are silent as to the time. I think the legislature by the act of 1830 intended, in those cases where the land was occupied at the expiration of the two years, to hasten the purchaser in obtaining his conveyance and giving the notice, and also to provide for a redemption by the occupant” after the two years and before the notice, so as to put an early end to the questions and difficulty touching the title. When the occupancy commenced after the expiration of the two years, the case was left to the provisions of the Revised Statutes. The statutes do not conflict; they can stand together. The act of 1830 carefully provides for a case omitted in the Revised Statutes. The repeal of a statute by implication is not favored; if by a fair construction they are not inconsistent and can stand together, the latter does not repeal the former.
The judgment should be affirmed.
Denio, J., having been counsel in the cause, took no part in its decision.
Judgment affirmed.